**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GORDON HOUSTON,**

                  **Plaintiff,**                  **1:11-cv-860
(GLS)**

               **v.**

**MICHAEL J. ASTRUE,** Commissioner of
Social Security,

                  **Defendant.**
_____

## SUMMARY ORDER

     Plaintiff Gordon Houston challenges defendant Commissioner of Social Security's denial of Supplemental Security Income, seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Am. Compl., Dkt. No. 6; Tr.[1] at 97-99.)  Because Houston failed to timely commence this litigation, and the circumstances do not justify equitably tolling the sixty-day limitations period, his Complaint is dismissed.

     The Social Security Administration Appeals Council denied Houston's request for review in a letter dated May 6, 2011.  (Tr. at 1-4.)  Houston did not file his Complaint until July 22, 2011.  (Compl., Dkt. No. 1.)  In light of

---

     [1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 10.)

these facts, the Commissioner argues that Houston failed to file his Complaint within sixty days of the final decision denying benefits and, thus, the action should be dismissed as untimely.  (*See* Dkt. No. 13 at 7-11.) After correctly identifying the standard by which this court must assess the appropriateness of a toll, Houston counters that his counsel did not receive the Appeals Council's letter until May 25, 2011 and that he "diligently pursued his rights . . . in the review(s) of his claim."  (Dkt. No. 16 at 2-3.) The court is not persuaded by Houston's arguments.

As applicable here, following any final decision of the Commissioner, an individual who has applied for benefits under the Social Security Act "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision."  42 U.S.C. § 405(g).  Judicial review is the exclusive remedy for challenging a final decision of the Commissioner.  *See* 42 U.S.C. § 405(h).  For purposes of 42 U.S.C. § 405(g), "mailing" means the date that the applicant receives notice of the Appeals Council's action.  *See* 20 C.F.R. §§ 416.1481, 422.210(c).  In turn, the date of receipt of such notice is "presumed to be [five] days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  The limitations period is

not inflexible, however, and may be equitably tolled by the court provided that the applicant demonstrates "both extraordinary circumstances and due diligence." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005); *see Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

Here, as a preliminary matter, it is clear that the Complaint was not timely filed. The Appeals Council notice was dated May 6, 2011, which gave rise to a presumption—which has gone unrebutted—that Houston received it on May 11, 2011.[2] (*See* Tr. at 1-4.) The sixty-day limitations period, therefore, required Houston to file his Complaint no later than July 11, 2011. But Houston's Complaint was not filed until July 22, 2011, (*see* Compl.), and, thus, dismissal is required unless the doctrine of equitable tolling applies.

With the exception of stating that his *in forma pauperis* application "was returned [to counsel] with insufficient time to allow filing of the Summons and Complaint," (Dkt. No. 16 at 3), nothing before the court suggests "that 'extraordinary circumstances prevented [Houston] from

---

[2] While Houston alleges that his counsel, who was copied, did not received the Appeals Council's notice until May 25, 2011, he makes no attempt to show that he did not receive the notice within the presumptive period and, thus, the court determines that the limitations period began to run on May 11, 2011. (*See* Dkt. No. 16 at 1; Dkt. No. 16, Attach. 1.)

3

timely performing a required act.'" *Trans Union LLC v. Lindor*, 393 F. App'x 786, 789 (2d Cir. 2010) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)).  Because he has failed to offer any other proof of extraordinary circumstances, Houston's attempt to establish his entitlement to equitable tolling is unavailing regardless of whether he was sufficiently diligent.  *See Torres*, 417 F.3d at 280 ("[T]he failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling.").

**ACCORDINGLY**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 6) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 26, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

4